# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

WILLIAM E. HAWKINS                                                                      PETITIONER
Reg. #00210-025


V.                                      2:09-cv-00112-WRW-JJV


T. C. OUTLAW,                                                                            RESPONDENT
Warden, FCI - Forrest City


## PROPOSED FINDINGS AND RECOMMENDED
## DISPOSITION INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the

> District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 of William E. Hawkins, an inmate in the custody of the Forrest City Low Unit of the Federal Correctional Institution (FCI).

## I. BACKGROUND

As stated by the United States Court of Appeals for the Seventh Circuit, "[Petitioner's] litigation history is a Gordian knot." *Hawkins v. United States*, 415 F.3d 738, 739 n.1 (7th Cir. 2005). Therefore, the Court will provide a brief background of the relevant proceedings.

Petitioner was convicted by a jury sitting in the United States District Court for the Southern District of Illinois on charges that he conspired to distribute (and to possess with the intent to distribute) cocaine and marijuana (21 U.S.C. § 846), distributed cocaine (21 U.S.C. § 841(b)(1)(B)), engaged in a continuing criminal enterprise (21 U.S.C. § 848), and conspired to travel in interstate commerce in aid of racketeering (18 U.S.C. § 371). *United States v. Hawkins*, 1998 WL 104627, *1 (7th Cir. 1998). Petitioner was sentenced to 420 months in the Bureau of Prisons (BOP). *Id.*

Mr. Hawkins filed a direct appeal from his conviction to the United States Court of Appeals

for the Seventh Circuit. Petitioner raised six arguments in his direct appeal. Those arguments included: (1) his conviction violated the double jeopardy clause; (2) the district court made a number of mistaken evidentiary rulings; (3) the government engaged in prosecutorial misconduct; (4) Petitioner's counsel was improperly removed due to potential conflicts of interest; (5) the district court failed to instruct the jury on multiple conspiracies; and (6) criminal history points were improperly added. *United States v. Hawkins*, 1998 WL 104627 (7th Cir. 1998). In its decision, the United States Court of Appeals for the Seventh Circuit vacated Petitioner's conviction for conspiracy, but affirmed his convictions on all other counts. *Id.* The court also stated that "[i]n view of the vacated conspiracy conviction and the error in calculating [Petitioner's] criminal history category, we vacate [Petitioner's] sentence and remand for re-sentencing."[1] *Id.* Petitioner filed for a writ of certiorari to the United States Supreme Court, which was denied on October 5, 1998. *Hawkins v. United States*, 525 U.S. 846 (1998).

On remand for re-sentencing, the district court sentenced Mr. Hawkins to 383 months in the BOP. *United States v. Hawkins*, 1999 WL 402414 (7th Cir. 1999). Petitioner again appealed his sentence raising two issues. First, Petitioner argued that the district court abused its discretion in sentencing him to a prison term longer than the minimum term of 360 months set out in the Sentencing Guidelines because that minimum term exceeded his life expectancy. *Id.* at *1. The appeals court rejected this argument, finding the district judge "was free to impose any sentence within the Guideline range that he deemed to be appropriate in the proper exercise of his discretion."

---

[1] The criminal history points improperly added related to one of Petitioner's prior convictions in the Eastern District of Mississippi. *United States v. Hawkins*, 1998 WL 104627, *6 (7th Cir. 1998). The United States Court of Appeals for the Seventh Circuit found it was error to include the Missouri sentence in the criminal history calculation. *Id.* However, the United States argued it was harmless error because the applicable sentencing range remained the same, regardless of whether the prior conviction was counted. *Id.*

3

*Id*. Mr. Hawkins also alleged the district court erroneously refused to hear certain testimony which he proposed to present at the sentencing hearing. *Id*. The court found that the "district court had no obligation to hear [Petitioner's] proposed witnesses, whose testimony was offered in an effort to have the court revisit sentencing issues it had already resolved in prior sentencing proceedings." *Id*. at *2. Petitioner again filed for a writ of certiorari to the United States Supreme Court, which was denied on November 27, 2000. *Hawkins v. United States*, 531 U.S. 1025 (2000).

Petitioner then filed a habeas petition challenging his conviction and sentence on several grounds, none of which are raised in the instant petition. The court denied each of these claims in an order dated October 20, 2000. *Hawkins v. United States*, 2006 WL 3003997 (S.D. Ill. 2006).

Petitioner then sought reconsideration asserting several other grounds; this motion was denied. *Id*. Petitioner filed another motion for habeas relief, raising several of the same arguments and new ones. *Id*. The district court concluded that "each of the claims raised by the Petitioner in [the] habeas action fail[ed] to establish a basis for relief pursuant to 28 U.S.C. § 2255." *Id*.

Petitioner filed his instant habeas petition on August 17, 2009, and alleges:

> [T]he Respondent and the Bureau of Prisons are relying on erroneous information contained in the Petitioner's Presentence report in the following manner, to wit: The drug quantity mentioned in the Petitioner's presentence investigation report (PSI) vastly overstates the amount of cocaine in which the Petitioner was involved; and falsely claims that the Petitioner was a leader and organizer of the criminal activity for which he was convicted; that the Petitioner herein had threatened various participants during the course of the drug conspiracy; that Petitioner testified falsely at his trial; and that firearms were involved in facilitating the commission of the drug-trafficking offense; that he had participated in a plot to escape from the county jail wherein he was confined during pretrial proceedings, all of which are incorrect and false, and which, when considered by the Bureau of Prisons as accurate information impacts the Petitioner's ability to participate in various programs offered by the Bureau of Prisons.

(Doc. No. 2, p.2). Respondent argues that this Court does not have jurisdiction and Petitioner should bring his claims in a 28 U.S.C. § 2255 motion in the sentencing court.

4

## II. ANALYSIS

The Court construes Petitioner's arguments in his § 2241 petition as attacking the district court's factual findings contained in his Presentence Report. Therefore, this Court does not have jurisdiction to render a decision on these claims.

Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition before the sentencing court and a claim attacking the execution of the sentence is properly brought in a § 2241 petition in the jurisdiction where the petitioner is incarcerated. *Nichols*, 553 F.3d at 649. Petitioner's claims must be brought before the United States District Court for the Southern District of Illinois where he was convicted and sentenced or to the appropriate appellate court, the United States Court of Appeals for the Seventh Circuit.

For this Court to be permitted to invoke jurisdiction over Petitioner's § 2241 petition, the Petitioner must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing

5

court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A petition seeking *habeas corpus* relief "shall not be entertained if it appears that the applicant ha[d] failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."[2] 28 U.S.C. § 2255(e). When a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F.3d at 963. Petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Id*. at 959. This is a "narrowly circumscribed 'safety valve.'" *United States ex. rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

Because Petitioner is alleging that there are several factual inaccuracies in his PSR, this Court construes his petition as attacking his underlying sentence and not the execution of sentence. Petitioner has failed to prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. In fact, Petitioner has previously sought § 2255 relief and failed to raise any of arguments he raises in his instant petition.

Mr. Hawkins, in his reply, argues he is actually challenging the execution of his sentence because he "is complaining about the use of inaccurate information in restricting his programming

---

[2] *See also, United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases make clear that more is required than demonstrating there is a procedural barrier to bringing a § 2255 motion ... (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied... (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , ...(citations omitted), or because a second or successive § 2255 has been dismissed, ...(citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

6

opportunities, including a fair consideration for parole of his 'old law' sentence." (Doc. No. 10 at 3). This Court recognizes that Petitioner's argument is grounded in Eighth Circuit case law. *See United States v. Leath*, 711 F.2d 119 (8th Cir. 1983) (finding that the district court erred in construing appellant's motion as a § 2255 because "appellant did not want to challenge the validity of his sentence; he only wanted to remove certain allegedly erroneous information from his presentence report and reduce his parole eligibility classification" which was actually a challenge to the execution of the sentence).

However, Respondent correctly states, "Petitioner is seeking relief from a party not capable of providing the requested relief." (Doc. No. 9 at 3). According to the BOP's program statement, "if an inmate challenges information in the Presentence Investigation Report (PSI), staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided." (Doc. No. 9, Ex. A at 4). The statement goes on to read that "USPO procedures, however, do not allow for changes or addendums to be made to the Presentence Investigation Report after sentencing since it is a court document." (*Id.*). In compliance with the Program Statement, the BOP contacted the Senior Probation Officer in the Southern District of Illinois. However, the Probation Officer responded by stating "[t]he presentence report is a sealed court document and our office is unable to make any changes to the report, absent an order by the Court." (Doc. No. 9, Ex. A at 3).

It would be wholly impractical for this court to attempt to consider Petitioner's requests for relief. To do so would require this Court to go behind the factual findings of the United States District Court for the Southern District of Illinois during the entire sentencing process.

Petitioner requests that this Court direct Respondent to cease utilizing erroneous information. The remedy sought illustrates that Petitioner's claim is a collateral challenge to his sentence and the

Presentence Report used in determining that sentence. As such, the relief is only available through the sentencing court. Therefore, this case should be transferred to the United States District Court for the Southern District of Illinois.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. The Clerk of the Court transfer Mr. Hawkins' Petition for Writ of Habeas Corpus (Doc. No. 1) and this Court's Proposed Findings and Recommendations to the United States District Court for the Southern District of Illinois.

DATED this 26th day of January, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE