**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

WILLIAM E. HAWKINS                                                                    PETITIONER
Reg. #00210-025

V.                                        2:09-cv-00112-BRW-JJV

T. C. OUTLAW,                                                                          RESPONDENT
Warden, FCI-Forrest City

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy
Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis for the objection.  If the objection
is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a new hearing for this purpose before either the District Judge or
Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)
was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Now before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241

of William E. Hawkins.  (Doc. No. 1).

## I.    BACKGROUND

On January 26, 2010, this Court prepared a Report and Recommendations which

recommended transferring Mr. Hawkins' Petition for Writ of Habeas Corpus to the United States

District Court for the Southern District of Illinois.  (Doc. No. 14).  Mr. Hawkins filed objections to

the Recommendations and based on those objections, District Judge Wilson declined to adopt the

Recommendations.   (Doc. No. 17). This Court reconsidered Mr. Hawkins' Petition with his

objections, and on February 26, 2010, concluded that the new documentation stated a cognizable

§ 2241 claim regarding potential early release under the Elderly Offender Home Detention Pilot

Program.  (Doc. No. 20).

Mr. Hawkins seeks placement in the Elderly Offender Home Detention Pilot Program.  This

program is eligible to inmates after completion of 75 percent or more of the term of imprisonment

to which the inmate was sentenced and if he has never escaped or attempted to escape from a Bureau

institution or a Bureau-contracted institution.  In Mr. Hawkins' case, prison authorities determined

that he is not eligible for this program because he has not served 75 percent or more of his prison term and, according to Hawkins' Presentence Investigation Report (PSI), he attempted to escape from pretrial custody in 1991.  Bureau of Prison (BOP) authorities stated that Hawkins has served 63.91 percent of his current term of confinement and his PSI reflects that on December 26, 1991, while housed at the St. Clair County, Illinois, Jail, authorities discovered that Hawkins and several federal inmates were planning an escape attempt. Specifically, Hawkins is said to have attempted to escape prosecution by hack-sawing the outside window bars in his cell prior to the planned escape.

The Court afforded Petitioner an opportunity to provide evidence to support his eligibility for the program and appointed an attorney for Mr. Hawkins.  A hearing was held November 10, 2010, to address his eligibility for the program.  (Doc. Nos. 25, 36).

## II.    DISCUSSION

Based on the evidence presented, the Court finds that Mr. Hawkins is not yet eligible for the Elderly Offender Home Detention Pilot Program because he has not served 75% of his sentence. (See Doc. No. 16, Ex. B).  As set out in the Operations Memorandum of the Elderly Offender Home Detention Pilot Program, "Eligibility to participate requires the inmate to have served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced."  (Doc. No. 35).

BOP records document that Mr. Hawkins began serving his sentence on March 15, 1991. (*Id.*).  He received jail credit from June 13, 1990, through June 18, 1990, and September 11, 1990, through March 14, 1991.  (*Id.*).  The BOP calculated that Mr. Hawkins will not have served 75% of his sentence until March 27, 2016.  (*Id.*).  Mr. Hawkins is unable to refute this calculation, and therefore, he is currently ineligible for enrollment in the Elderly Offender Home Detention Pilot

3

Program.

Although evidence is uncontroverted that Petitioner has not yet served the requisite amount

of time to be eligible for the pilot program, Mr. Hawkins still seeks a ruling on the legitimacy of the

BOP's application of the escape charge from his PSI.  The Court does not have the authority to issue

a ruling at this time because it is not ripe.  To do so would create an advisory opinion.[1]

With regard to Petitioner's arguments that there are other mistakes in his PSI regarding drug

quantities and a role enhancement, those issues are clearly improperly before this Court.  Those

issues must be addressed by the sentencing court in a properly filed § 2255 petition.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Hawkins' § 2241 Petition (Doc. No. 1) should be DENIED without prejudice,

and the requested relief be DENIED;

2.      Mr. Hawkins' Request for Evidentiary Hearing (Doc. No. 39) should be DENIED

without prejudice.

IT IS SO ORDERED this 17th day of February, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]An advisory opinion is "[a] nonbinding statement by a court of its interpretation of the law on a matter submitted for that purpose.  Federal courts are constitutionally prohibited from issuing advisory opinions by the case-or-controversy requirement . . . ." *Black's Law Dictionary* 1201 (9th ed. 2009).