## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**WILLIAM E. HAWKINS**                                                                 **PETITIONER**
**Reg. #00210-025**

**V.**                                         **2:09CV00112-BRW-JJV**

**T. C. OUTLAW,**                                                                       **RESPONDENT**
**Warden, FCI-Forrest City**

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted

by United States Magistrate Judge Joe J. Volpe and the parties' objections.   After carefully

considering the objections and making a *de novo* review of the record in this case, the Court

concludes that the Proposed Findings and Recommended Disposition should be, and hereby are,

approved and adopted in their entirety as this Court's findings in all respects.

In essence Petitioner is asking for relief that this court cannot give. While Petitioner does

challenge the conditions of his confinement[1] there is simply no way of getting around the fact that

he has only served 63.91 percent of his term of imprisonment, and thus without a reduction to his

sentence he is not currently eligible for the Elderly Offender Home Detention Pilot Program

("EOHDPP"). So in order to qualify for EOHDPP, Petitioner's sentence has to be reduced, and the

only way to reduce his sentence is through a § 2255 petition. This court does not have jurisdiction

to hear Petitioner's § 2255 petition which must be brought in the district where the Petitioner was

sentenced.[2]  Thus the magistrate's report is correct, the alleged inaccuracies in Petitioner's

---

[1]*U.S. v. Leath*, 711 F.2d 119, 121 (1983) (finding that a motion to correct presentence
report is construed a habeas corpus petition under § 2241 where the "[a]ppellant did not
challenge the validity of his sentence").

[2]28 U.S.C. § 2255(a).

1

presence report ("PSR") are not properly before the Court. Even if an evidentiary hearing was held and it was determined that Petitioner's PSR was incorrect this court would not have the authority under § 2241 to reduce his sentence.

Additionally, the issue of Petitioner's involvement in an escape attempt is not ripe for adjudication because the Parole Commission has not been given an opportunity to examine and correct its records. "[T]he time for filing a § 2241 habeas corpus petition is not ripe until after the Parole Commission was afforded a reasonable period of time within which to examine and, if necessary, correct its records and to reconsider a particular defendant's parole eligibility classification in light of accurate information."[3]

IT IS THEREFORE ORDERED that Mr. Hawkins' Petition (Doc. No. 1) is DISMISSED without prejudice.  The requested relief is denied and any pending motions are denied as moot.

DATED this 20th day of April, 2011.


          /s/Billy Roy Wilson
          UNITED STATES DISTRICT JUDGE

---

[3] *U.S. v. Burkhead*, 567 F.Supp. 1425, 1429 (E.D. Mo. 1983).